**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**THERESA L. DANNENFELSER,**
          **Plaintiff,**

   v.                                        **01-CV-1269
                                                   (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
          **Defendant.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of James Taylor              JAMES TAYLOR, ESQ.
Five North Main Street
Sherburne, NY 13460

**FOR THE DEFENDANT:**
HON. GLENN T. SUDDABY        WILLIAM H. PEASE
United States Attorney             Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

### **I. INTRODUCTION**

Theresa Dannenfelser challenges the denial of disability benefits by the Commissioner of Social Security. Dannenfelser brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### **II. CONTENTIONS**

Dannenfelser contends that the Administrative Law Judge (ALJ): 1) improperly characterized the medical evidence; 2) failed to give controlling weight to her treating physicians and 3) failed to credit her subjective complaints of pain. The Commissioner counters that substantial evidence supports the ALJ's decision that Dannenfelser was not disabled.

### **III. FACTS**

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 3-9, Dkt. No. 6; Def.'s Br., p. 2-10, Dkt. No. 8*.

## IV.  **DISCUSSION**

### A. **Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626

4

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B.  **Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

5

less than twelve months ...." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, she will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three

---

[1]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections became effective in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision predated the revisions, the court retains the old nomenclature in its analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

7

In this case, the ALJ found that Dannenfelser satisfied Step One because she had not worked since June 30, 1997. (Tr. 13). In Step Two, the ALJ determined that Dannenfelser had "severe" impairments due to chronic lumbosacral sprain,[3] scapular sprain, bulging cervical disc status post discectomy,[4] fusion surgery, and depression. *Id.* In Step Three, the ALJ determined that her impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.* In Step Four, the ALJ determined that Dannenfelser did have the RFC to perform her past relevant work as an office assistant except for standing and/or walking for more than a total of two hours in an eight hour day and lifting more than ten pounds occasionally or five pounds frequently. *Id.* Consequently, he found that Jordan was not disabled and denied benefits.

C.  **Medical Evidence**

Dannenfelser contends that the ALJ's decision was not supported by substantial evidence. She also contends that the ALJ substituted his lay

---

[3] Lumbosacral relates to the part of the spine composed of the lumbar vetrebrae and the sacrum. THE BANTAM MEDICAL DICTIONARY 250 (Rev. Ed. 1990).

[4] A discectomy is a procedure that removes part or all of an intervertebal disc. http://cancerweb.ncl.ac.uk/cgi-bin/omd?query=discectomy.

8

opinions for those of her physicians.

Regulations define RFC as "what [an individual] can still do despite [her] limitations." *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). At the review level relevant here, the responsibility of determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1546, 416.946. An ALJ's RFC assessment is a medical determination that must be based on probative medical evidence in the record. *See Gray v. Chater*, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citation omitted). Moreover, an ALJ may not substitute his judgment for that of a competent medical physician. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted).

Furthermore, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion. The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical

9

evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Here, Dannenfelser argues that the ALJ's decision was not supported by substantial evidence. More specifically, she first claims that the ALJ discredited a MRI and CT scan that revealed stenosis[5] and bulging at the C4-5 disc because other medical evidence did not show an abnormality. (Tr. 13). Second, she claims that the ALJ ignored testing that showed cervical radiculopathy.[6] *Id.* Third, Dannenfelser claims the ALJ ignored evidence of her extensive history of mental disorders. *Id.* Lastly, she claims the ALJ discredited treating physicians' opinions. These contentions are without merit.

The ALJ's decision is based on substantial evidence. First, although some sources have found a disc bulge at the C4-5 level, imaging also reveals that Dannenfelser's fusion surgery was successful, and that the

---

[5]Stenosis is a "narrowing or stricture of a duct or canal." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

[6]Radiculopathy is a "disease of the nerve roots." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY at 1404.

10

area is "fixed and stable."  (Tr. 19, Tr. 258-9).  Second, the ALJ cites evidence of cervical radiculopathy but also points out that there is consistent evidence that Dannenfelser can walk and hold herself upright without a problem.  (Tr. 19).

Third, the ALJ does not dispute that Dannenfelser has a history of mental problems.  However, there is substantial evidence to show that these problems did not rise to the level necessary for her to be considered disabled.  She was consistently described by examiners as "orientated" and "alert".  *Id.*  She displayed no psychotic symptoms.  *Id.*  She also was not hospitalized for any of her mental disorders, nor did she continue any course of consistent treatment.  In fact, she does not currently receive any counseling and does not follow the prescribed treatments that she admits would be of benefit.  (Tr. 19-20).

Lastly, the ALJ does not discredit the opinions of Dr. Swanke and Dr. Aigner, two treating physicians, who both found Dannenfelser totally disabled.  Instead, the ALJ notes that while these physicians found her disabled, they also supported her efforts to start her own business.  Specifically, Dr. Swanke stated "[the] patient is currently attempting to establish her own business and become self-sufficient.  Since she has a

11

strong background in woodworking skills and has administrative training, it is likely that she will be successful on this." (Tr. 229). The ALJ determined that the finding of total disability may be in part due to a medical coverage dispute with Dannenfelser's former employer. The ALJ noted that while her doctors found she was totally disabled they also believed she could start her own business. (Tr. 20).

Moreover, the ALJ cites evidence which shows that Dannenfelser is not disabled. Dr. Hamm, a psychiatrist who examined her in May 1994, noted that her depressive symptoms were controlled by medication and that she could return to work as an administrative support assistant. Also, Dannenfelser's Global Assessment of Functioning (GAF), was tested by both Dr. Hamm and Dr. Swanke and consistently indicated that her functional limitations were mild to moderate. (Tr. 21). Accordingly, the ALJ's decision was supported by substantial evidence, and he adequately explained why he discounted the treating physician's disability concerns.

### D. Subjective Complaints of Pain

Dannenfelser contends that the ALJ failed to take her claims of disabling pain into account. She also disputes the ALJ's finding that her allegations of pain were not fully credible.

12

The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-CV-0899, 2003 WL 22145644, at \*10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at \*10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at \*10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

Furthermore, a plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir.

13

1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p.

Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation

14

marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987). The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

Here, Dannenfelser contends that her pain reached a disabling level and that the ALJ improperly discredited her allegations. More specifically, she first argues that the ALJ failed to link her inability to work with the failure of her woodworking business. (Tr. 20). Second, she claims that the ALJ gave improper weight to her ability to get married, relocate and drive a normal automobile. *Id.* Third, she claims that the ALJ incorrectly points to her failure to seek treatment as evidence that she is not disabled. *Id*. These contentions are without merit.

First, the ALJ's decision is based on substantial evidence because Dannenfelser's course of treatment for both her depression and her allegations of pain belie her claim of disability. *Id*. For example, the record shows that she could control her symptoms of depression and anxiety with

15

medications and counseling. As the ALJ noted, however, she has not always been willing to cooperate with the prescribed treatment and discontinued her counseling. *Id.* Also, she only took over-the-counter medicine for her chronic pain, and her treating sources have not recommended nor prescribed stronger medications. *Id.*

Second, the ALJ also relied on Dannenfelser's work history as contradicting her subjective complaints of pain. For example, the record shows that although she was injured, Dannenfelser held several light duty positions including her job as an administrative office assistant. The ALJ also emphasized that she was able to handle the administrative and creative design aspects of her own woodworking business. *Id.* In addition to her work history following her injury, the ALJ noted that Dannenfelser testified to her ability to engage in a wide range of household chores and activities. *Id.* Accordingly, the ALJ's decision was supported by substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

16

**ORDERED,** that the Clerk of the Court provide a copy of this Order upon the parties.

**IT IS SO ORDERED.**

January 5, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

17